In the

# United States Court of Appeals
## For the Seventh Circuit

————————

No. 20-1801

WILLIAM MORGAN, *et al.*,

*Plaintiffs-Appellants*,

*v.*

JESSE WHITE, Secretary of State of Illinois, *et al.*,

*Defendants-Appellees.*

————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 20 C 2189 — **Rebecca R. Pallmeyer**, *Chief Judge.*

————————

SUBMITTED JULY 6, 2020 — DECIDED JULY 8, 2020

————————

Before EASTERBROOK, KANNE, and HAMILTON, *Circuit Judges*.

PER CURIAM. Illinois permits voters to place initiatives and referenda on both local and statewide ballots, but it also requires proponents to collect enough signatures to show that each proposal is likely to have a decent amount of support. The state allows 18 months for proponents to collect signatures. This year that period ended for the State of Illi-

nois on May 3, 2020, and will end for the City of Evanston on August 3.

Seven plaintiffs filed this suit under 42 U.S.C. §1983 contending that the state's requirements are too onerous, and hence unconstitutional, given the social-distancing requirements adopted by the Governor of Illinois in light of the COVID-19 pandemic. A district judge expressed skepticism that any of the plaintiffs has standing but found it unnecessary to resolve that question because she denied relief on other grounds. 2020 U.S. Dist. LEXIS 86618 (N.D. Ill. May 18, 2020). Plaintiffs have appealed. We expedited the briefing, and all litigants have agreed to waive oral argument to facilitate a faster decision.

The district court's approach, sometimes called hypothetical standing, was disapproved by the Supreme Court in *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). But because at least one plaintiff, William Morgan, has standing, the district court had jurisdiction. Morgan began his petition campaign (he seeks to amend the state's constitution) before filing suit. Relief such as reducing the number of signatures required, permitting electronic rather than physical signatures, and extending deadlines would materially improve his chances. Other plaintiffs also want to amend the state's constitution, and one proposes a change that would affect Evanston alone. Federal judges routinely adjudicate suits filed by persons who have encountered difficulty obtaining the signatures required to put candidates' names or substantive proposals on the ballot.

This is as far as plaintiffs get, however. District judges have discretion when weighing the considerations relevant to requests for preliminary relief. See, e.g., *Winter v. Natural*

*Resources Defense Council, Inc.*, 555 U.S. 7 (2008). One important question, when a plaintiff seeks emergency relief, is whether the plaintiff has brought the emergency on himself. The district judge concluded that Morgan had done so. During most of the time available to seek signatures, Morgan did absolutely nothing. He did not evince any interest in the subject until early April 2020, several weeks after the Governor began to issue orders requiring social distancing. The other plaintiffs did not do anything of substance until the suit was on file. Plaintiffs had plenty of time to gather signatures before the pandemic began. That's a good reason to conclude that they are not entitled to emergency relief.

We add that plaintiffs also have not established that the Governor's orders limit their speech. The orders concern conduct (social distancing), not what anyone may write or say. Orders regulating conduct often have incidental effects on speech, but this does not require courts to treat them as if they were regulations *of* speech. See, e.g., *Clark v. Community for Creative Non-Violence*, 468 U.S. 288 (1984). Plaintiffs do not question the propriety of those orders. Cf. *Jacobson v. Massachusetts*, 197 U.S. 11 (1905); *Elim Romanian Pentecostal Church v. Pritzker*, No. 20-1811 (7th Cir. June 16, 2020). Although the orders surely make it hard to round up signatures, so would the reluctance of many people to approach strangers during a pandemic.

One more consideration bears emphasis. The federal Constitution does not require any state or local government to put referenda or initiatives on the ballot. That is wholly a matter of state law. See, e.g., *Jones v. Markiewicz-Qualkinbush*, 892 F.3d 935 (7th Cir. 2018). If we understand the Governor's orders, coupled with the signature requirements, as equiva-

lent to a decision to skip all referenda for the 2020 election cycle, there is no federal problem. Illinois may decide for itself whether a pandemic is a good time to be soliciting signatures on the streets in order to add referenda to a ballot.

The order denying the motion for a preliminary injunction is affirmed. The plaintiffs remain free to contend to the district court that a permanent injunction would be justified if social-distancing rules are indefinitely extended, but that long-term question does not require immediate resolution.